OUTTERSON v. DILTS et al.

(Supreme Court, General Term, Fourth Department.   November, 1892.)

MORTGAGES—PRIORITIES—SUBSEQUENT MORTGAGEE FOR VALUE.

A vendor of machinery, who, under the contract of sale, is to retain the title until the execution of a real-estate mortgage by the purchasers as security for the purchase price, parts with something of value, as well as with a prior security, in surrendering such title on the execution of the mortgage; and hence is entitled to priority over a senior mortgage on the same land, which had been wrongfully discharged of record by the administrator of the senior mortgagee before the execution of the mortgage in question, and of the existence of which senior mortgage the vendor had no actual knowledge.

Appeal from circuit court, Lewis county.

Action by James T. Outterson, as administrator, etc., of Andrew Outterson, Sr., against Frank Dilts and others, to restore two mortgages to record, and to have the discharge thereof canceled.   The case was tried by the court without a jury, and from a judgment in plaintiff's favor, defendant Dilts appeals.   Reversed.

February 5, 1888, Andrew Outterson, Sr., died intestate.   On the 11th of April, 1888, Andrew Outterson, Jr., was appointed administrator of his goods, etc.   At the time of the death of the intestate he owned three several mortgages, mentioned in the complaint.   One of the mortgages was for $900, and another was for $1,000.   Andrew Outterson, Jr., while acting as administrator, to wit, on the 4th of February, 1890, caused to be prepared discharges of each of the last two mentioned mortgages, which were executed as administrator; and it is found as a fact "that no consideration for either of said discharges passed or accrued to said estate in any manner" however.   They were placed upon record in the clerk's office of Lewis county immediately after having been executed.   Subsequently, Andrew Outterson, Jr., was removed, and the plaintiff appointed administrator of the deceased's estate, and brings this action, among other things, for the purpose of having restored the two mortgages to record, and having the discharges thereof canceled.   Such relief is awarded by the judgment in this case.   The defense interposed by Frank Dilts is to the effect that he took the mortgage for $8,700 in January, 1891, covering the mortgaged premises, and placed the same upon record, and that it is a prior lien to the two mortgages of $900 and $1,000, respectively.   On the 6th of December, 1889, the defendant Frank Dilts entered into a written agreement with Andrew Outterson and Francis E. Outterson, whereby it was agreed that he should furnish for the said Outtersons machinery to the amount of $8,500, to be put into a paper mill situated on the premises known as the "Paper Mill Lot," of about 25 acres, in Lyonsdale, Lewis county.   "Said contract provided that the machinery should be paid for by annual payments of $1,000 for seven years, and $1,500 the eighth year, from and after 30 days from the shipment of said property by Dilts, with interest annually; and also provided that said payments should be secured by the personal bond of said Outtersons, with a real-estate mortgage, as collateral thereto, covering the land in question, which mortgage should be the first lien upon said premises; and said contract also provided that said bond and mortgage should be made, executed, and delivered to said Dilts, together with an official abstract of title, showing said mortgage to be a first lien, on the thirtieth day after said shipment of said property, as aforesaid."   The said contract also provided that in the mean time the title of the property agreed to be furnished by Dilts should be and remain in him.   The machinery was furnished, the defendant completing the furnishing thereof in September, 1890.   Defendant's right to receive the mortgage became consummate in October, 1890, but the same was not executed until January, 1891, when the parties assembled at Boonville, "defendant Dilts taking a bond and mortgage of the Outtersons, covering the premises in question, for the sum of $8,700, which was the amount specified in the contract, with interest."   That mortgage was recorded on the 14th day of January, 1891.   It is found as a matter of fact "that said Dilts never had any actual notice or knowledge of either of said two mortgages of $900 and $1,000, respectively, until some time after the recording of his $8,700 mortgage in question."   It is also found

"that said Frank Dilts was not a bona fide purchaser for a valuable consideration as to his mortgage of $8,700." Also, "that the defendant Dilts was not such a purchaser for a valuable consideration, without notice of either of the two mortgages above mentioned. of $900 and $1,000, respectively, at the time he took and recorded his $8,700 mortgage." In the evidence given by Andrew Outterson, Jr., it appears that he told Dilts, prior to the execution of the contract for the purchase of machinery, that the real estate upon which it was proposed to place the machinery was mortgaged. The witness says: "I told him the mortgages that were on the mill. There was. in the first place, what we call the 'Woolworth Mortgage,' of $3,000; then there was a $900 mortgage of mine and a $1,000 mortgage of Frank's, given to my father.—call it in just square numbers, say nothing about interest, or anything of the kind,—$5.000." As conclusions of law the court found "that defendant Dilts is not a bona fide purchaser for a valuable consideration without notice of either of said mortgages, executed to secure the payment of $900 and a $1,000, respectively, as to his $8,700 mortgage;" also, "that the plaintiff is entitled to priority of payment of said mortgage executed by Andrew Outterson, Jr., to Andrew Outterson, Sr., to secure the sum of $900; * * * also for the payment of a mortgage executed by defendant Francis E. Outterson to said Andrew Outterson, Sr., * * * to secure the payment of the sum of $1,000 * * * over said $8,700 mortgage held by said Dilts."

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Piper & Rice, for appellant.

S. S. Trowbridge, for respondent.

HARDIN, P. J. On the 6th day of December, 1889, when the Outtersons entered into the contract with Dilts for the purchase of the machinery, and placed the same upon the premises, they became obligated to pay therefor, and their liability or debt accrued on the close of that contract. When the machinery was delivered and the contract fulfilled, in September, 1890, their obligation to pay for the machinery, as purchasers thereof, became absolute. True, Andrew had agreed to give a first mortgage, and had also stipulated that the title to the property might remain in the vendor as security for the obligation or debt assumed in the purchase of the property; but, according to the finding, it was to remain in Dilts until the arrangement for a mortgage was consummated. Apparently, when the arrangement for a mortgage was consummated, the legal title to the machinery passed from the vendor, and to that extent it may be said that there was a surrender of the title by the vendor at the time of receiving the mortgage of $8,700; and to that extent he "actually parted with some value or some right upon the faith of the" mortgage. Cary v. White, 52 N. Y. 141. And in taking the mortgage it may be said that he parted with a prior security, to wit, the legal title of the property furnished in pursuance of the contract. Weaver v. Barden, 49 N. Y. 294.

It is found in the twenty-first finding of fact "that said Frank Dilts was not a bona fide purchaser for a valuable consideration as to his mortgage of $8,700;" and in the third conclusion of law it is found "that defendant Dilts is not a bona fide purchaser for a valuable consideration, without notice of either of said mortgages, executed to secure the payment of $900 and $1,000, respectively, as to his $8,700 mortgage." Inasmuch as the trial judge found that there was no actual notice, and based his decision on the fact that there was no consideration parted with for the $8,700 mortgage at the time it was taken, as to which we

think he was in error, a new trial should be ordered. Judgment reversed, and a new trial ordered, with costs to abide the event. All concur.